## A. B. MAKOVER *v.* CHARLES A. WEBB

[No. 22, April Term, 1939.]

*Decided May 16th, 1939.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*Jacob Kartman,* for the appellant.

*Hall Hammond,* for the appellee.

JOHNSON, J., delivered the opinion of the Court.

This is an appeal from a decree passed by the Circuit Court of Baltimore City dismissing appellant's bill of complaint, filed for the purpose of requiring appellee to enter a judgment settled and satisfied, and enjoin him from issuing an attachment or execution thereon. The decree was passed after answer had been filed and testimony taken in open court before the chancellor.

The facts are simple and may be stated as follows: For some time prior to September, 1935, Baltimore Liquors, Inc., a body corporate, having as its president, J. Bernard Edmonds, and as its treasurer, A. B. Makover, had been engaged in the liquor business in Baltimore City. It was then in straitened financial circumstances and faced the prospect of being closed by its creditors. Its assets were of small value and its credit exhausted. In this extremity, Charles A. Webb, a business man connected with A. L. Webb & Sons, of Baltimore City, was one of the few persons who had confidence in the ability of the corporation to survive. Webb was not a stockholder in the company nor in any manner interested in its welfare, but felt that if it could pull through its emergency he might be able to sell merchandise to the corporation. Webb was then a creditor of the corporation to the extent of $1000, which he realized would be lost unless it secured additional capital. Accordingly, in order to secure such capital, all of which, as far as Webb knew, went into the business, he, with A. L. Webb & Sons, executed a sixty day $1200 note payable to the corporation's order at the Equitable Trust Company. The corporation had never done business with that bank and

had no line of credit there, the loan having been arranged exclusively by Webb, who was well known at the trust company and, according to testimony of one of its officials. the loan was made solely upon the strength of his name. It bore the corporation's endorsement by its president, Edmonds, and treasurer, Makover, and beneath that endorsement bore the individual endorsements of the same officials. At its last maturity on September 24th, 1936, the principal had been reduced to $1000. Shortly thereafter the corporation failed and was placed in receivership.

In that situation the Equitable Trust Company secured judgment against Makover on March 24th, 1937, as endorser of the obligation. In that action Makover failed to file a plea and affidavit of defense. Subsequently Webb, upon the strength of whose credit the loan had been made, paid the Equitable Trust Company the amount due on the judgment and took an assignment thereof.

The bill of complaint was filed on the theory that Webb, who appeared on the face of the note as maker, was the principal debtor, and Makover an accommodation endorser. But the proof shows to the contrary, for Webb was never indebted to Baltimore Liquors, Inc., and signed the note solely for its benefit, a fact which must have been well known to Makover, its treasurer, who admitted the corporation had no debtors. Moreover, Makover was a member of the Baltimore City Bar, and the close relationship he is shown to have had, and interest which he took in the affairs of Baltimore Liquors, Inc., must have enabled a man of his training and experience to realize that Webb, not being indebted to the corporation, must have been acting for its accommodation. This is the view taken by the chancellor in dismissing his bill of complaint. In that action this court concurs.

There is nothing in the Negotiable Instruments Act in conflict with these views, for section 48 of article 13 of the Code provides that: "An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor,

and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." And value is by section 44 defined as "any consideration sufficient to support a simple contract." As said by this court in *Nihiser v. Nihiser,* 127 Md. 451, at page 459, 96 A. 611, at page 614, quoting from 32 *Cyc.* 269: "Evidence is always admissible to show the equitable rights of the principal and surety toward each other, and which is material to the right to recover the amount alleged to have been paid by plaintiff as surety, and as between the immediate parties to show their true relation in fact, although different from that indicated by the instrument or their relative positions thereon."

Nor can it be said that the instrument was discharged by reason of the fact that Webb paid the judgment, since Webb did not make the payment on behalf of the principal debtor nor was he the party accommodated. Code, art. 13, sec. 138; *Jamesson v. Citizens Nat. Bank,* 130 Md. 75, 79, 99 A. 994; *Johnson Coffee Co. v. Page,* 161 Md. 503, at page 508, 157 A. 297.

It has been shown that, as between Webb and Makover, the former was an accommodation maker, while the latter was one of the principle debtors. The case therefore falls directly within the principle announced by this court in *Nihiser v. Nihiser, supra;* See also 3 *R.C.L.,* pages 1120 and 1137; 8 *Am.Jur., Bills and Notes,* sec. 464; *Brannan on Negotiable Instruments* (6th Ed.), page 952; 5 *Un. Laws Ann.,* page 280, *et seq.*

*Decree affirmed, with costs.*